IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-263-FL

| | | |
|---|---|---|
| GORDON E. BOYCE, PATRICIA A. BOYCE, and OTHER CUSTOMERS OF WACHOVIA SECURITIES, LLC, SIMILARLY SITUATED to be NAMED CLASS MEMBERS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| WACHOVIA SECURITIES, LLC, JEFFREY BEAVER, JAMES W. APPLEWHITE, III, and BILL BRYANT, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiffs' motion to remand (DE # 12), defendants' motion to deny class certification (DE # 15), and defendants' motion to compel arbitration (DE # 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny each of the pending motions (DE # 33). Defendants timely filed objection to the M&R (DE # 34), and plaintiffs did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies each of the motions.[1]

---

[1] The courts notes also as pending a motion to intervene filed on March 19, 2010 (DE # 35). This motion has not yet properly been briefed for the court's consideration, and the issues raised therein do not affect the court's disposition of the matters currently squarely presented for decision.

## BACKGROUND

Plaintiff initiated this action in Wake County Superior Court on June 1, 2009, alleging violations of various state and federal laws arising out of an investment services agreement between plaintiffs and defendant Wachovia Securities, LLC ("Wachovia"),[2] as well as similar agreements between Wachovia and unknown potential class members. Plaintiffs claim that defendants, acting as fiduciaries of plaintiffs, made false statements regarding fees and other markups related to plaintiffs' account, charged excess fees, engaged in self-dealing, and otherwise violated their duties to plaintiffs as fiduciaries in a number of ways. The complaint alleges that other customers, after entering into a standard contract for investment services with defendants, had similar fiduciary relationships with defendants as to the purchase and sale of municipal bonds and engaged in similar misconduct as to these defendants.[3]

Plaintiffs allege that defendants have violated the Securities Exchange Act, 15 U.S.C. § 78j(b), Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, the Securities Act, 15 U.S.C. § 77q(a), the Investment Advisers Act, 15 U.S.C. § 80b-6, the North Carolina Investment Advisers Act, N.C. Gen. Stat. § 78C-8, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1. Defendants removed the action to this court pursuant to 28 U.S.C. § 1441(b) on June 17, 2009, asserting federal question jurisdiction with regards to those claims based on federal law and supplemental jurisdiction over the state law claims. Plaintiffs filed the instant motion to remand on July 17, 2009.

---

[2] Defendants notify the court that Wells Fargo Advisors, LLC is the successor-in-interest to Wachovia. However, as the docket does not yet reflect any change of parties, the court uses "Wachovia" throughout this order.

[3] As the magistrate judge noted, not all of the allegations explicitly state conduct directed at the putative class. Nevertheless, many of the allegations may be construed as applying to these other customers.

Shortly thereafter, on July 20, 2009, defendants answered the complaint and simultaneously moved to deny class certification and to compel arbitration and dismiss the litigation or enter a stay of proceedings pending arbitration. On August 17, 2009, the court *sua sponte* ordered the parties to show cause why decision on issues bearing on case management should not be delayed pending resolution of the pending motions. On September 8, 2009, after reviewing the parties' responses to the show cause order, the court declined to order the stay at that time, and requested a joint report and plan pursuant to Federal Rule of Civil Procedure 26(f). The parties thereafter filed separate joint reports, but no further action was taken by the court or requested by the parties.

On February 17, 2010, the magistrate judge entered an M&R addressing the pending motions. Addressing first the motion to remand, the magistrate judge stated that remand would be inappropriate where the complaint contains allegations of violations of federal law. The magistrate judge further noted that the court was empowered to exercise supplemental jurisdiction over those claims invoking state law that arise from a common nucleus of operative fact. The magistrate judge also recommended against severance and permissive remand of the state claims only, finding that such claims were neither separate and independent nor substantially predominant over the federal claims. Accordingly, the magistrate recommended denying plaintiffs' motion.

The magistrate judge next addressed defendants' motion to deny class certification. Although recognizing that class certification may be determined at the pleading stage on rare occasions, the magistrate judge found defendants' motion to be premature in this case because defendants could not demonstrate from the face of the complaint that it would be impossible to certify the class alleged by plaintiffs. The

3

magistrate judge expressed no opinion about the ultimate decision as to whether to certify the putative class, but noted that at the core of plaintiffs' complaint was the allegation that defendants breached a common agreement with its customers by a common course of conduct, which is the kind of claim that is generally well-suited to class treatment. The magistrate judge recommended denying this motion without prejudice, so that defendants could raise their arguments following pre-certification discovery.

Finally, the magistrate judge recommended denying without prejudice defendants' motion to compel arbitration. Because the arbitration provision in the securities brokerage agreements with plaintiffs expressly excludes putative class actions from the arbitration requirement, the magistrate judge found that the question of whether to compel arbitration was inextricably linked to the question of class certification. Having recommended denying without prejudice defendants' motion to deny class certification as premature, the magistrate judge concluded that decision on arbitration was similarly premature.

On March 8, 2010, defendants filed objection to the M&R, contesting the recommended disposition of both the motion to deny class certification and motion to compel arbitration. Defendants maintain that the pleadings are insufficient to state a class action, and further request that the court reconsider the motion to compel arbitration, which is inextricably tied to the motion to deny class certification, if it sustains their objection to the M&R. Plaintiffs did not file response.

## DISCUSSION

A. Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party

4

makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.     Motion to Deny Class Certification

  1.    Objections

Defendants argue that class certification should be denied on the basis of the pleadings because (1) plaintiffs fail to identify any adequate class representative, (2) plaintiffs have individual interests and claims which conflict with those of the putative class, and (3) the complaint fails to satisfy any of the required categories of permissible class actions under Rule 23(b). The magistrate judge rejected these arguments because he found that the complaint contained allegations that could be conducive to class treatment and did not present unambiguously individual allegations. The magistrate judge further found that the lack of discovery precluded consideration of allegedly conflicting interests between plaintiffs and the putative class members, and that questions of class representative and class counsel were not properly before the court.

Defendants object to the magistrate judge's findings, citing to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009) for the proposition that they are not required to demonstrate the impossibility of class certification regardless of the facts plaintiffs

5

may be able to prove, but instead must only show that the well-pled allegations of the complaint do not state a plausible basis for class certification. Defendants argue that the complaint does not allege facts compatible with Rule 23, which governs class actions in federal court. They also argue that questions of class representative and class counsel are currently before the court and that plaintiffs have failed to identify either in their complaint.

2. Analysis

The Fourth Circuit has cautioned that "it is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts pertaining to the suggested class and its representatives. It is seldom, if ever, possible to resolve class representation questions from the pleadings . . . ." Internat'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1268 (4th Cir. 1981). Although "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982), such circumstances are exceedingly rare. It is more frequently the case that it will be "necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id.

A factual record will usually be required before certifying or denying certification because the court must undertake a detailed inquiry into a number of factors set forth under Rule 23. Pursuant to that rule, a class action may be brought only where: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties

will fairly and adequately protect the interests of the class.[4] Fed. R. Civ. P. 23(a). Additionally, the action must meet one of the three following requirements: (1) prosecuting separate actions would create a risk of inconsistent adjudications or impediments to the ability of individual members to protect their interests; (2) injunctive relief or declaratory relief is appropriate respecting the class as a whole because of defendants' act or failure to act that applies generally to the class as a whole; or (3) common questions of law or fact predominate over any questions affecting only individual members and a class action is a superior method for adjudicating the controversy. Fed. R. Civ. P. 23(b).

Defendants assert that the complaint at issue here presents that rare case in which a factual record need not be developed before the court can determine that above-mentioned requirements of Rule 23 are not met. Noting that other courts have found it appropriate to deny class certification under Rule 12(b)(6) for putative class actions where the complaint demonstrates as a matter of law that plaintiffs cannot meet the requirements for maintaining a class action, e.g., Picus v. Wal-Mart Stores, Inc., 256 F.R.D. 651, 655 (D. Nev. 2009); Blihovde v. St. Croix County, Wis., 219 F.R.D. 607, 614 (W.D. Wis. 2003), defendants urge this court to find that the complaint does not plausibly raise any potential class claims.[5] However, assuming that Rule 12(b)(6) is the proper standard to apply, the court comes to a different conclusion as

---

[4] These four factors are usually denominated as "the numerosity, commonality, typicality, and representativeness requirements," respectively. See, e.g., Gregory v. Finova Capital Corp., 442 F.3d 188, 190 (4th Cir. 2006).

[5] In evaluating a claim under Rule 12(b)(6), "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[s] . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950-51 (2009)). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

to the plausibility of plaintiff's claims.

Construed in the light most favorable to plaintiffs, the complaint alleges that defendants withheld information regarding fees, commissions, and profits related to their customers' investment accounts vis-à-vis the purchase and sale of municipal bonds. Plaintiffs state that a standard contract between Wachovia and its municipal bond investment companies required defendants to provide the source and amount of such fees upon request, but that defendants breached this contract. The complaint further alleges that the defendants acted as fiduciaries for their customers in making municipal bond investments, and that defendants violated their fiduciary duties by engaging in secret and unauthorized trading in certain investments, including in the speculative "Municipal Auction Rate Securities Market," using their customers' funds.

When construed in this light, the court cannot say that the complaint fails to plausibly allege facts consistent with a class action. The complaint suggests a putative class – investment customers of defendants who entered into a standard contract with Wachovia for the purchase and sale of municipal bonds – that appears to satisfy both the numerosity and commonality requirements of Rule 23(a). Further, contrary to defendants' arguments, there is nothing in the complaint that suggests that the named plaintiffs fail to meet the typicality and representativeness requirements. Although parts of the complaint do appear to allege individualized harms, limited pre-certification discovery will be adequate to determine whether the allegations apply to the putative class members as well.[6]

---

[6] The court is obligated to discount plaintiff Patricia Boyce's statement that she does not seek to serve as class representative where she is one of only two named plaintiffs currently involved in this action. Even so, the alleged idiosyncracies of the named plaintiffs' claims, specifically that they agreed to unique fees, were overcharged more than any other customer, and gave unique instructions as to how their accounts were to be handled, are insufficient to demonstrate that plaintiffs did not "suffer the same injury as the [putative] class members." Gen. Tel. Co., 457 U.S. at

8

Defendants do make the well-founded argument that plaintiff Eugene Boyce, although an attorney, may not serve both as class counsel and class representative. See Matassarin v. Lynch, 174 F.3d 549, 559 (5th Cir. 1999); Kramer v. Scientific Control Corp., 534 F.2d 1085, 1089-90 (3rd Cir. 1976); In re Mid-Atlantic Toyota Antitrust Litig., 93 F.R.D. 485, 490 (D. Md. 1982). Nevertheless, where the complaint need not specifically name class counsel and plaintiff Eugene Boyce has not sought to serve as counsel, it would not be proper to address this deficiency by dismissing the complaint or preemptively denying certification of a class action. Class counsel is only required once the court makes its class certification decision, see Fed. R. Civ. P. 23(c)(1)(B), and plaintiffs may have seized the opportunity to secure the services of a non-party attorney who can appropriately serve as class counsel by that time.

Defendants also contend that the pleadings establish that plaintiffs will be unable to satisfy Rule 23(b) in that the claims themselves are not conducive to class treatment. Specifically, defendants argue that there is no risk of establishing incompatible standards of conduct through separate actions as required by Rule 23(b)(1); that defendants seek monetary damages and not injunctive relief as required by Rule 23(b)(2); and that individual issues predominate over common issues, contrary to the requirements of Rule 23(b)(3). While the court agrees that Rule 23(b)(2) can not serve as a basis for plaintiffs' class action, it is not clear that limited pre-certification discovery is unnecessary to determine whether plaintiffs' claims are amenable to certification under either Rule 23(b)(1) or 23(b)(3).

First, defendants argue that Rule 23(b)(1) certification is inappropriate because the excessiveness of a municipal bond markup must be determined on a case-by-case basis, pointing to plaintiffs' allegations

---

156. As the magistrate judge recognized, plaintiffs' claims at bottom arise out of a standard contractual relationship executed by a number of other customers, and they are entitled to some minimal amount of discovery before the court conclusively determines that defendants' alleged conduct was limited to the named plaintiffs.

9

suggesting that they agreed to a transaction-by-transaction fee. However, plaintiffs do not allege that this transaction fee was excessive; instead, they argue that defendants charged fees "in excess of the agreed amounts." (Compl. ¶ XIV.) As the magistrate judge noted, the excess fee, meaning that actually charged by defendants, could well have been applied on a non-transactional basis. If defendants did charge a standard amount for all members of the putative class, regardless of the actual agreement with any individual member, then class certification may nevertheless be appropriate. Because the records of any such charges will be in defendants' possession, limited discovery will allow plaintiffs to ascertain whether or not Rule 23(b)(1) may be satisfied on this ground.

Second, defendants argue that fraud claims under § 10(b) and Rule 10b-5 are "almost impossible to bring as class actions." (Defs.' Obj. 21.) Defendants concede, however, that plaintiffs will be able to bring such a claim if they can establish that the "fraud-on-the-market" theory applies. Defendants argue that this theory cannot apply to municipal bonds, which are not traded on an "efficient market," and that any representations alleged to have been made by defendants were not made to the public. The court, however, is unwilling to make such a conclusion without any factual development as to the nature of the municipal bond market or the nature of defendants' alleged misrepresentations. Cf. Gariety v. Grant Thornton, LLP, 368 F.3d 356, 364-65 (4th Cir. 2004) (noting that the court should look beyond the pleadings to make the necessary factual and legal inquiries before certifying a fraud-on-the-market theory class action).

Third, defendants argue that individual issues will similarly dominate the breach of fiduciary duty claims, arguing that fiduciary duties of securities brokers are materially different in each of the fifty states. Defendants state that, as such, a single nationwide class is therefore not appropriate. Further, defendants

10

Case 5:09-cv-00263-FL   Document 37   Filed 03/29/10   Page 10 of 12

state that defendants proposed class definition rests on the legal conclusion that there is a fiduciary relationship between defendants and the putative class. However, filings by plaintiffs suggest that defendants' definition of the putative class is at once too broad and too narrow. Plaintiffs contend that "the putative class in the instant case are customers of [Wachovia's] Raleigh office and Defendants Applewhite, Beaver and Bryant." (Resp. to Mot. to Deny Class Cert. 3.) As such, it is not clear that a "nationwide" class of "fiduciaries" is really at issue.

Defendants raise additional reasons for why class certification of other claims would be inappropriate, but where the court has "wide discretion in deciding whether or not to certify a proposed class," Cent. Wesleyan Coll. v. W.R. Grace & Co., 6 F.3d 177, 185 (4th Cir, 1993) (quoting In re A.H. Robins Co., Inc., 880 F.2d 709, 728-29 (4th Cir. 1989)), and at least some of the claims appear amenable to class treatment, some limited discovery and the chance to refine the action prior to seeking certification is appropriate.[7] Construed in the light most favorable to plaintiffs, with all ambiguities interpreted to favor a class disposition of the claims, the complaint contains sufficient allegations to suggest a reasonable probability that pre-certification discovery will reveal the information supporting certification as a class action. Where plaintiffs must be given the opportunity to develop a full factual record before decision on certification is appropriate, defendants' motion to deny class certification is denied at this juncture, without prejudice.

---

[7] Moreover, "[i]t is well-recognized that alleged violations of federal securities laws are particularly well suited for class action proceedings and that Rule 23 is to be construed liberally to effectuate that end." Simpson v. Specialty Retail Concepts, 149 F.R.D. 94, 98 (M.D.N.C. 1993). As defendants point out, this generalization will not be true in all cases. But plaintiffs should be given the opportunity for some limited discovery before the court conclusively closes the door to class action. This would appear to be particularly true where Fourth Circuit precedent dictates that the court be exceedingly cautious in denying class certification at such an early juncture in the case.

Case 5:09-cv-00263-FL Document 37 Filed 03/29/10 Page 11 of 12

C.  Motion to Compel Arbitration

As mentioned, defendants concede that their motion to compel arbitration is inextricably tied to their motion to deny class certification, and asked this court to consider the former only to the extent the court disagreed with the magistrate judge's recommendations as to the latter. In light of the court's disposition of the motion to deny class certification, the motion to compel arbitration must similarly be denied without prejudice. At the close of pre-certification discovery, when plaintiffs move for class certification, defendants may concurrently oppose this request and move to compel arbitration.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and after careful consideration of those portions of the M&R to which no objection has been made, the court ADOPTS the findings of the magistrate judge (DE # 33) as its own. Plaintiffs' motion to remand (DE # 12) is DENIED. Defendants' motion to deny class certification (DE # 15) and motion to compel arbitration (DE # 17) are DENIED without prejudice. The parties shall confer and submit to the court within twenty-one (21) days of entry of this order a joint discovery plan addressing that limited discovery necessary for the parties to properly address class certification.

SO ORDERED, this the 29th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge